UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

CHRISTINE H.,[1]

    Plaintiff,

  v.            CIVIL ACTION NO. 2:22cv260

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

This matter comes before the court on the Report and Recommendation ("R&R") entered by Magistrate Judge Douglas E. Miller on June 15, 2023. ECF No. 24. Plaintiff filed Objections to the R&R on June 29, 2023, ECF No. 25, and the Commissioner of Social Security ("Commissioner") responded on July 10, 2023, ECF No. 26. For the reasons stated below, the court **OVERRULES** Plaintiff's Objections and **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the R&R.

### I. BACKGROUND

The facts of this case are fully and accurately set forth in the R&R. See ECF No. 24 at 2-31. The court **ADOPTS IN FULL** the Magistrate Judge's recitation of the relevant facts and need not

---

  [1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

repeat them here. The court, however, will provide a brief outline of the relevant events.

Plaintiff initially filed an application for disability insurance benefits ("DIB") on December 16, 2004, alleging that she was disabled, beginning August 1, 2004. ECF No. 15 at 54 (Administrative Record) [hereinafter "R."]. That request was denied by the Commissioner. R. at 54-61. On January 5, 2009, Plaintiff filed a second application for DIB, which was approved by the Commissioner. R. at 65. On April 18, 2014, Plaintiff was found to be no longer disabled. R. at 65-77. Relevant to the instant Objections, Plaintiff then filed, for a third time, an application for DIB on December 31, 2018, and for supplemental security income benefits ("SSI"), on January 7, 2019. R. at 102, 115, 256-62, 266-72. After her request for DIB and SSI were denied, Plaintiff requested a hearing before an administrative law judge ("ALJ"). R. at 211-12.

## A. The ALJ's Decision

In evaluating Plaintiff's disability claim, the ALJ followed the Social Security Administration's ("SSA") five-step evaluation process used to determine whether an individual is disabled. R. at 25-45; see 20 C.F.R. § 404.1520(a). The ALJ considered whether the Plaintiff:

> (1) was engaged in substantial gainful activity; (2) had a severe impairment; (3) had an impairment that meets or

medically equals a condition within the SSA's listing of official impairments; (4) had an impairment that prevents her from performing any past relevant work in light of her residual function capacity ("RFC");[2] and (5) had an impairment that prevents her from engaging in any other substantial gainful employment.

R. at 25-45; <u>see</u> 20 C.F.R. § 404.1520(a)(4).

Proceeding through the five-step SSA framework, the ALJ found that Plaintiff had no severe impairments between January 1, 2004, and November 30, 2007. R. at 32. The ALJ also found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1." ECF No. 24 at 3-4; R. at 33-36. Accordingly, the ALJ then determined that Plaintiff's RFC allowed her to perform work within the national economy. R. at 44-45. After Plaintiff's request to reconsider the ALJ's decision was denied, it became final on March 4, 2021. R. at 8-10.

### B. R&R Decision

Having exhausted her administrative remedies, Plaintiff filed a Complaint on June 28, 2022, in order to receive judicial review of the Commissioner's denial of her request for DIB and SSI. ECF No. 1. Plaintiff then filed a Motion for Summary Judgment and a Memorandum in Support on November 8, 2022. ECF Nos. 16, 17. The Commissioner filed a Cross-Motion for Summary Judgment and

---

[2] The RFC is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a).

Memorandum in Support on December 9, 2022. ECF Nos. 19, 20. Plaintiff filed a Reply on December 23, 2022. ECF No. 23. The matter was then referred to Magistrate Judge Miller, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct necessary hearings and to submit to the undersigned District Judge proposed findings of fact and recommendations for disposition.

Judge Miller's R&R was filed on June 15, 2023. ECF No. 24. The R&R recommends that Plaintiff's Motion for Summary Judgment be denied; the Commissioner's Motion for Summary Judgment be granted; the final decision of the Commissioner be affirmed; and the matter be dismissed with prejudice. Id. at 48. By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen (14) days of the date of service of the R&R to the objecting party. Id. at 48-49. Plaintiff filed Objections to the R&R on June 29, 2023, ECF No. 25, and the Commissioner's Response was filed on July 10, 2023, ECF No. 26.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b), the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which a party has specifically objected. For unchallenged portions, the court "must

'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). The court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1)(C).

In reviewing a denial of benefits by the SSA, the court must only determine whether the SSA used the proper legal standard and whether substantial evidence in the record supports the decision to deny benefits. 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). "Substantial evidence 'is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), superseded by regulation on other grounds, 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Substantial evidence requires "more than a mere scintilla of evidence," but "may be somewhat less than a preponderance." Id. (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

"In reviewing for substantial evidence, [the court does] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]."

Id. (citing <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990)).

If "conflicting evidence allows reasonable minds to differ as to

whether a claimant is disabled," the court should defer to the ALJ.

<u>Id.</u> In short, reversal of the denial of benefits is appropriate

only if (1) the record lacks substantial evidence to support the

ALJ's decision, or (2) the ALJ made an error of law. <u>Id.</u>

### III. ANALYSIS

Plaintiff raises two objections to the R&R. ECF No. 25. First,

Plaintiff objects to the Magistrate Judge's finding that the ALJ

"did not err in evaluating Dr. Hambaz's medical opinion." <u>Id.</u>

at 1-3. Second, Plaintiff objects to the Magistrate Judge's finding

that "the ALJ did not err in choosing not to incorporate Plaintiff's

limitation to 1-2 step tasks into the RFC." <u>Id.</u> at 3-5. The

undersigned district judge has made a <u>de novo</u> review and

determination of Plaintiff's two objections, and addresses them, in

turn, below.[3]

---

[3] The court recognizes that Plaintiff's Objections are
basically restatements of the same arguments raised in her Motion
for Summary Judgment. <u>See</u> ECF No. 17. The court also recognizes
that, in this situation, courts in this district have only reviewed
for clear error. <u>See</u> e.g., <u>John R. v. Kijakazi</u>, No. 2:22cv47,
2023 WL 2682358, at *1 (E.D. Va. Mar. 29, 2023) (Davis, J.); <u>Brenda
L. R. v. Kijakazi</u>, No. 3:21cv144, 2022 WL 3448039, *1 (E.D. Va.
Aug. 17, 2022) (Lauck, J.). However, the court views these
Objections to be to the Magistrate Judge's conclusions on the issues
raised. As such, the court has reviewed <u>de novo</u> those portions of
the record pertaining thereto.

**A.**

In his R&R, Judge Miller determined that "the ALJ properly evaluated the medical opinion from Plaintiff's treating provider," Dr. Hambaz. ECF No. 24 at 37. Plaintiff's first objection asserts that the R&R erred because "the ALJ's RFC determination is based on an erroneous evaluation of Dr. Hambaz's opinion under the regulations and caselaw." ECF No. 25 at 1. The court disagrees.

Plaintiff's treating provider, Dr. Hambaz, opined "that the claimant is unable to work full-time at any level of exertion." ECF No. 24 at 42 (citing R. at 41). However, as the R&R correctly noted, the ALJ did not err when finding that opinion unpersuasive because "[u]nder the plain text of the applicable regulations, the issue of whether the claimant is able to work is reserved to the Commissioner." Id. (citing 20 C.F.R. §§ 404.1520b(c)(3)(i), 416.920b(c)(3)(i)). Thus, the ALJ's analysis of this part of Dr. Hambaz's opinion was in accordance with SSA regulations.

The court also agrees with the R&R's determination that the ALJ did not err when conducting the required analysis of the supportability and consistency of Dr. Hambaz's opinion. ECF No. 24 at 44. "Supportability evaluates whether a medical source supports his or her opinion with 'objective medical evidence and supporting explanations,' while consistency evaluates whether 'evidence from other medical sources and nonmedical sources' also

support the source's opinion." <u>Angela U. v. Kijakazi</u>, No. 2:22cv34,
2022 WL 3207455, at *6 (E.D. Va. July 19, 2022) (Miller, J.), <u>report</u>
<u>and recommendation adopted</u>, No. 2:22cv34, 2022 WL 3161896 (E.D. Va.
Aug. 8, 2022) (Young, J.) (citing 20 C.F.R. §§ 404.1520c(c)(1) and
(2)). Here, as noted in the R&R, the ALJ found Dr. Hambaz's opinion
to be unsupported because he listed "diagnoses in [his] opinion
without explanation" and because Dr. Hambaz's treatment notes
documented "normal physical examination findings." ECF No. 24 at
44. Further, regarding consistency, the ALJ found evidence in the
medical record which directly undermined Dr. Hambaz's diagnoses.
<u>Id.</u> at 44-45.

Upon review of the record, the court agrees with the R&R's
conclusion that "the ALJ did not cherry-pick the record, and
his conclusions regarding the supportability, and overall
persuasiveness of Dr. Hambaz's opinion are supported by substantial
evidence." <u>Id.</u> at 46. Instead, the record, as a whole,
"corroborate[s] the unremarkable examination findings in [Dr.
Hambaz's] treatment notes." <u>Id.</u> The court agrees that the ALJ's
fulsome analysis of the record "demonstrates that he sufficiently
considered the supportability and consistency of Hambaz's opinion
as required by the SSA regulations." <u>Id.</u> at 45. Therefore, the court
finds no error in the Magistrate Judge's determination that the ALJ
did not err in this respect, and Plaintiff's first objection to the

R&R is **OVERRULED**.

### B.

In his R&R, Judge Miller found that "the ALJ adequately considered Plaintiff's functional [mental health] limitations." ECF No. 25 at 46. Dr. Howard Leizer, an agency psychogical consultant, found that Plaintiff was limited to "1-2 step instructions and simple work procedures," due to her mental impairments. See ECF No. 17 at 16 (citing R. at 98). The ALJ disagreed, finding that Plaintiff was capable of performing jobs with reasoning levels of 2 or above, because the record "indicate[d] good management of [Plaintiff's] symptoms." R. at 43. The R&R analyzed that reasoning and concluded that the ALJ "appropriately considered Plaintiff's mental health impairments" and sufficiently discharged his "duty to explain the reasons behind his RFC determination." ECF No. 24 at 48. Moreover, the R&R concluded that the chosen RFC was "supported by substantial evidence" in the record. Id.

In her second objection, Plaintiff rejects the R&R's conclusion and contends that its analysis impermissibly engaged in post-hoc rationalizations of the ALJ's decision. ECF No. 25 at 4. In response, the Commissioner points out that "the ALJ's rationalization was readily discernible and supported by the record evidence," and that the R&R appropriately considered the ALJ's decision as a whole. ECF No. 26 at 4 (citing Todd A. v. Kijakazi,

No. 3:20cv594, 2021 WL 5348668, at *4 (E.D. Va. Nov. 16, 2021)).

The court agrees with the Commissioner that the R&R's analysis did not impermissibly produce post-hoc rationalizations of the ALJ's decision. Instead, the R&R "simply provided examples to show the ALJ's decision was supported by substantial evidence." Colbert v. Berryhill, No. 1:17cv555, 2018 WL 1315447, at *2 n.2 (E.D. Va. Mar. 14, 2018) (citing Stroman v. Colvin, No. 0:13cv2496, 2015 WL 337578, at *4 (D.S.C. Jan. 26, 2015)). Indeed, the R&R thoroughly identified that the ALJ "referenced Plaintiff's mental health providers, her various diagnoses, and her consistently unremarkable mental examination findings regarding her memory," when concluding that the 1-2 step limitation was unnecessary. ECF No. 24 at 47.

The court finds no error in the R&R's evaluation and conclusion upholding the ALJ's decision regarding the impact of Plaintiff's mental health limitations on the RFC. Plaintiff's second objection to the R&R is **OVERRULED**.

## IV. CONCLUSION

The court, having reviewed the record in its entirety and the Objections to the R&R, and having made de novo determinations with respect thereto, hereby **OVERRULES** the Plaintiff's Objections, ECF No. 25, and **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the Magistrate Judge's thorough and well-reasoned R&R, ECF No. 24. Accordingly, Plaintiff's Motion for

Summary Judgment, ECF No. 16, is **DENIED**, and the Commissioner's Motion for Summary Judgment, ECF No. 19, is **GRANTED**. The decision of the Commissioner is **AFFIRMED**, and this matter is **DISMISSED WITH PREJUDICE**.

The Clerk shall enter judgment in favor of the Commissioner and close the case on this court's docket. The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Final Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

August 16, 2023